UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LAURICE EL BADRY RAHME LTD. d/b/a
LAURICE & CO.,                                    Case Number: 07-CV-11030

                              Plaintiff,

          -against-                               ANSWER AND
                                                  COUNTERCLAIMS

FEDERAL INSURANCE COMPANY,

                              Defendant.
-------------------------------------------------------------------X

          Defendant Federal Insurance Company ("Federal"), by its attorneys, Goodman &

Jacobs LLP, as and for its Answer to the Complaint and its Counterclaims, alleges as

follows:


          1.      Federal denies knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 1 of the Complaint.

          2.      Federal denies knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 2 of the Complaint.

          3.      Federal denies the allegations in Paragraph 3 of the Complaint except

admits that Federal is a corporation organized and existing under the laws of the State of

Indiana and maintains a principal place of business in New Jersey.

          4.      Federal denies the allegations in Paragraph 4 of the Complaint except

admits Federal is authorized to transact business in the State of New York; Federal

transacts business in this judicial district; and Federal is a company principally engaged

in the business of insurance.


                                        1

5.      The allegations in Paragraph 5 refer to the basis of this Court's subject matter jurisdiction and no answer is required.

6.      The allegations in Paragraph 6 refer to the basis of this Court's jurisdiction over the parties and no answer is required. Federal does not contest personal jurisdiction.

7.      The allegations in Paragraph 7 of the Complaint refer to the basis for the venue of this action in this judicial district and no answer is required. To the extent an answer is required, Federal denies the allegations in Paragraph 7 of the Complaint except admits that Federal transacts business in this judicial district. Federal does not contest the venue of this action in this district.

8.      Federal denies the allegations in Paragraph 8 of the Complaint except admits that Federal issued its commercial general liability insurance policy, policy no. 3582-56-29 to Laurice El Badry Rahme Ltd. DBA Laurice & Co., for the period June 5, 2006 to June 5, 2007 (the "Federal Policy") and respectfully refers the Court to the Federal Policy for its terms, conditions, definitions, limitations, exclusions, endorsements and other provisions thereof.

9.      Federal denies the allegations in Paragraph 9 of the Complaint.

10.     Federal admits the existence of all of the terms, conditions, definitions, limitations, exclusions, endorsements and other provisions of the Federal Policy, and denies the allegations contained in Paragraph 10 of the Complaint to the extent they are inconsistent therewith.

11.     Federal admits the existence of all of the terms, conditions, definitions, limitations, exclusions, endorsements and other provisions of the Federal Policy, and

denies the allegations contained in Paragraph 11 of the Complaint to the extent they are inconsistent therewith.

12.    Federal admits the existence of all of the terms, conditions, definitions, limitations, exclusions, endorsements and other provisions of the Federal Policy, and denies the allegations contained in Paragraph 12 of the Complaint to the extent they are inconsistent therewith.

13.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28.    Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint except admits that plaintiff informed Federal that LVMH Fashion Group ("LVMH") made certain assertions in letters and in meetings with plaintiff concerning plaintiff's infringement of LVMH's copyright and trade dress in plaintiff's use of the "Occhi Design" on its Bond No. 9 "Bryant Park" perfume bottle (the "LVMH assertions") and that Federal denied that coverage existed under the Federal Policy for the LVMH assertions. Federal respectfully refers the Court to its correspondence with plaintiff and with plaintiff's counsel concerning the basis for Federal's denial of coverage.

29.     Federal denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30.     Federal denies the allegations in Paragraph 30 of the Complaint except Federal admits plaintiff requested that Federal defend and indemnify plaintiff for the LVMH assertions.

31.     Federal denies the allegations in Paragraph 31 of the Complaint except admits that by letter dated May 9, 2007, Federal informed plaintiff that no coverage existed under the Federal Policy for the LVMH assertions and Federal respectfully refers the Court to its correspondence with plaintiff and plaintiff's counsel concerning the basis for Federal's denial of coverage.

32.     With respect to the allegations in Paragraph 32 of the Complaint, Federal admits that by letter dated May 9, 2007, Federal informed plaintiff that no coverage existed under the Federal Policy for the LVMH assertions and that between May and September, 2007, Federal and plaintiff's counsel exchanged correspondence concerning the LVMH assertions and Federal's denial of coverage and Federal denies the allegations in Paragraph 32 of the Complaint to the extent they are inconsistent with the correspondence.

33.     With respect to the allegations in Paragraph 33, Federal admits that by letter dated May 29, 2007, Federal informed counsel for plaintiff that its position that the Federal Policy did not provide coverage for the LVMH assertions remained unchanged and Federal denies the allegations in Paragraph 33 of the Complaint to the extent they are inconsistent with Federal's letter dated May 29, 2007.

34.    With respect to the allegations in Paragraph 34 of the Complaint, Federal admits that by letter dated May 9, 2007, Federal informed plaintiff that no coverage existed under the Federal Policy for the LVMH assertions and that between May and September, 2007, Federal and plaintiff's counsel exchanged correspondence concerning the LVMH assertions and Federal's denial of coverage and Federal denies the allegations in Paragraph 34 of the Complaint to the extent they are inconsistent with the correspondence.

35.    Federal denies the allegations in Paragraph 35 of the Complaint except admits that by letter dated July 24, 2007, Federal restated its position that no coverage existed under the Federal Policy for the LVMH assertions and Federal respectfully refers the Court to its correspondence with plaintiff and plaintiff's counsel concerning the basis for Federal's denial of coverage.

<u>ANSWERING COUNT I</u>

36.    Federal denies the allegations in Paragraph 36 of the Complaint.

37.    Federal repeats and reiterates its responses contained in paragraphs 1 through 36 above as and for its answer to the allegations in Paragraph 37 of the Complaint.

38.    Federal denies the allegations in Paragraph 38 of the Complaint.

39.    Federal denies the allegations in Paragraph 39 of the Complaint.

40.    Federal denies the allegations in Paragraph 40 of the Complaint.

41.    Federal denies the allegations in Paragraph 41 of the Complaint.

42.    Federal denies the allegations in Paragraph 42 of the Complaint.

43.    Federal denies the allegations in Paragraph 43 of the Complaint.

## ANSWERING COUNT II

44.    Federal denies the allegations in Paragraph 44 of the Complaint and asserts that Federal acted in good faith in connection with plaintiff's request for coverage.

45.    Federal repeats and reiterates its responses contained in Paragraphs 1 through 45 above as and for its answer to the allegations in Paragraph 45 of the Complaint.

46.    Federal denies the allegations in Paragraph 46 of the Complaint and asserts that Federal acted in good faith in connection with plaintiff's request for coverage.

47.    Federal denies the allegations in Paragraph 47 of the Complaint and asserts that Federal acted in good faith in connection with plaintiff's request for coverage.

## FIRST AFFIRMATIVE DEFENSE

48.    The Complaint fails to state a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

49.    The action must be dismissed on the grounds there is no coverage pursuant to the terms and conditions of the Federal Policy.

## THIRD AFFIRMATIVE DEFENSE

50.    To the extent that the Complaint seeks punitive damages, such damages may not be awarded to the extent that they are unconstitutional in that they violate the excessive fines clause of the Eighth Amendment, the equal protection clause of the Fourteenth Amendment, and the due process clauses of the Fifth and Fourteenth

Amendments of the United States Constitution, and the United States Supreme Court's

decision in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).


## FOURTH AFFIRMATIVE DEFENSE

51.    The Complaint is not drafted with sufficient particularity to permit Federal

to raise all appropriate defenses and Federal reserves its right to add and/or supplement

this Answer with additional separate defenses, and under any and all provisions of its

policy.

## FIFTH AFFIRMATIVE DEFENSE

52.    The Federal Policy does not cover the LVMH assertions and Federal is not

and was not obligated to defend or indemnify plaintiff.


53.    The Federal Policy provides in pertinent part:

**Coverages**

Bodily Injury And Property Damage Liability Coverage

Subject to all of the terms and conditions of this insurance,
we will pay damages that the **insured** becomes legally
obligated to pay by reason of liability:

- imposed by law; or
- assumed in an **insured contract**;

for **bodily injury** or **property damage** caused by an
**occurrence** to which this coverage applies.

This coverage applies only to such **bodily injury** or
**property damage** that occurs during the policy period.

Damages for **bodily injury** include damages claimed by a
person or organization for care or loss of services resulting at
any time from the **bodily injury**.

Other than as provided under the Investigation, Defense And Settlements and Supplementary Payments sections of this contract, we have no other obligation or liability to pay sums or perform acts or services under this coverage.

Advertising Injury and Personal Injury Liability Coverage

Subject to all of the terms and conditions of this insurance, we will pay damages that the **insured** becomes legally obligated to pay by reason of liability:

- imposed by law; or
- assumed in an **insured contract**;

for **advertising injury** or **personal injury** to which this coverage applies.

This coverage applies only to such **advertising injury** or **personal injury** caused by an offense that is first committed during the policy period.

Other than as provided under the Investigation, Defense and Settlements and Supplementary Payments sections of this contract, we have no other obligation or liability to pay sums or perform acts or services under this coverage.

54.    The Federal Policy contains the following definitions:

| | |
|---|---|
| **Definitions** | **WHEN USED WITH RESPECT TO INSURANCE UNDER THIS CONTRACT, WORDS AND PHRASES THAT APPEAR IN BOLD PRINT HAVE THE SPECIAL MEANINGS DESCRIBED BELOW:** |
| Advertisement | **Advertisement** means an electronic, oral, written or other notice, about goods, products or services designed for the specific purpose of attracting the general public or a specific market segment to use such goods, products or services. |

**Advertisement** does not include any e-mail address, Internet domain name or other electronic address or metalanguage.

Advertising Injury    **Advertising injury** means injury, other than **bodily injury**, **property damage** or **personal injury** sustained by a person or organization and caused by an offense of infringing in that particular part of your **advertisement** about your goods, products or services, upon their:

- copyrighted **advertisement**; or

- registered collective mark, registered service mark or other registered trademarked name, slogan, symbol or title.

\*     \*     \*

Bodily Injury    **Bodily injury** means physical:

- injury;

- sickness; or

- disease;

sustained by a person, including resulting death, humiliation, mental anguish, mental injury or shock at any time. All such loss shall be deemed to occur at the time of the physical injury or disease that caused it.

\*     \*     \*

Personal Injury    **Personal injury** means injury; other than **bodily injury**, **property damage** or **advertising injury** caused by an offense of:

A.    false arrest, false detention or
other false    imprisonment;

B.    malicious prosecution;

C.    wrongful entry into, wrongful
eviction of a person from or
any other violation of a
person's right of private
occupancy of a dwelling,
premises or room that such
person occupies, if committed
by or on behalf of its landlord,
lessor or owner;

D.    electronic, oral, written or other
publication of material that:

1.    libels or slanders a
person or organization
(which does not include
disparagement of
goods, products,
property or services); or

2.    violates a person's right
of privacy; or

E.    discrimination, harassment or
segregation based on a person's
age, color, national origin, race,
religion or sex.

\*        \*        \*

**Property Damage**            Property Damage means:

- physical injury to tangible
property, including
resulting loss of use of that
property. All such loss of
use shall be deemed to
occur at the time of the
physical injury that caused
it; or

11

- loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the **occurrence** that caused it.

Tangible property does not include any software, data or other information that is in an electronic form.

55.    The LVMH assertions do not fall within the coverages afforded by the Federal Policy.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

56.    The Federal Policy provides in pertinent part:

**Investigation, Defense And Settlements**

Subject to all of the terms and conditions of this insurance, we will have the right and duty to defend the **insured** against a **suit**, even if such **suit** is false, fraudulent or groundless.

If such a **suit** is brought, we will pay reasonable attorney fees and necessary litigation expenses to defend:

- the **insured**; and
- if applicable, the indemnitee of the **insured**, provided the obligation to defend, or the cost of the defense of, such indemnitee has been assumed by such **insured** in an **insured contract**.

Such attorney fees and litigation expenses will be paid as described in the Supplementary Payments section of this contract.

We have no duty to defend any person or organization against any **suit** seeking damages to which the insurance does not apply.

We may, at our discretion, investigate any **occurrence** or offense and settle any claim or **suit**.

Our duty to defend any person or organization ends when we have used up the applicable Limit Of Insurance.

57.    The Federal Policy contains the following definitions:

Suit                **Suit** means a civil proceeding in which damages, to which this insurance applies, are sought. **Suit** includes an arbitration or other dispute resolution proceeding in which such damages are sought and to which the **insured** must submit or does submit with our consent.

58.    The LVMH assertions do not constitute a "suit."


SEVENTH AFFIRMATIVE DEFENSE

59.    Plaintiff entered into a Settlement Agreement with LVMH in which it agreed, inter alia, to make certain payments and perform certain acts.

60.    The losses allegedly sustained by plaintiff and for which any settlement payments may have been made do not constitute "damages" under the Federal Policy.

EIGHTH AFFIRMATIVE DEFENSE

61.    The Federal Policy contains the following exclusion:

**Policy Exclusions**

Intellectual Property Laws Or Rights

This insurance does not apply to any actual or alleged **bodily injury, property damage, advertising injury** or **personal injury** arising out of, giving rise to or in any way related to any actual or alleged:

- assertion; or
- infringement or violation;

by any person or organization (including any **insured**) of any **intellectual property law or right**, regardless of whether this insurance would otherwise apply to all or part of any such actual or alleged injury or damage in the absence of any such actual or alleged assertion, infringement or violation.

This exclusion applies, unless such injury:

- is caused by an offense described in the definition of **advertising injury**; and
- does not arise out of, give rise to or in any way relate to any actual or alleged assertion, infringement or violation of any **intellectual property law or right**, other than one described in the definition of **advertising injury**.

62.    The Federal Policy contains the following definition:

Intellectual Property Law Or Right

**Intellectual property law or right** means any:

- certification mark, copyright, patent or trademark (including collective or service marks);
- right to, or judicial or statutory law recognizing an interest in, any trade secret or confidential or proprietary non-personal information;
- other right to, or judicial or statutory law recognizing any interest in, any expression, idea, likeness, name, slogan, style of doing business, symbol, title, trade dress or other intellectual property; or
- other judicial or statutory law concerning piracy, unfair competition or other similar practices.

63.    Federal does not concede that the Federal Policy provides coverage for the LVMH assertions; however, assuming arguendo that coverage existed, the LVMH assertions are excluded from the coverages provided by the Federal Policy.

## NINTH AFFIRMATIVE DEFENSE

64.    The Federal Policy contains the following exclusion:

Expected Or Intended Injury

This insurance does not apply to **advertising injury** or **personal injury** arising out of an offense, committed by or on behalf of the insured, that:

- is intended by such insured; or
- would be expected from the standpoint of a reasonable person in the circumstances of such **insured**;

to cause injury.

65.    Federal does not concede that the Federal Policy provides coverage for the LVMH assertions; however, assuming arguendo that coverage existed, the LVMH assertions are excluded from the coverages provided by the Federal Policy.

## FEDERAL'S COUNTERCLAIMS

66.    Federal repeats and reiterates its responses contained in Paragraphs 1 through 47 above and the allegations contained in Paragraphs 48 through 65 above as though fully set forth herein.

67.    Pursuant to 28 U.S.C. Section § 2201 et. seq., Federal seeks a declaration that it is not and was not obligated to defend or indemnify plaintiff for the LVMH assertions.

68.    Federal's counterclaims are compulsory counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure because they arise out of the same transaction and occurrence that is the subject matter of plaintiff's Complaint and do not require for adjudication third parties over whom the Court cannot acquire jurisdiction.

69.    This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C Section 1332.

70.    Venue in this district is proper because Federal transacts business in this judicial district.

## FIRST COUNTERCLAIM

71.    The LVMH assertions do not fall within the coverages provided by the Federal Policy.

72.    The LVMH assertions do not constitute "advertising injury," "bodily injury," "property damage" or "personal injury."

73.    The LVMH assertions do not constitute a "suit."

74.    Federal does not concede that the Federal Policy provides coverage for the LVMH assertions; however, assuming arguendo that coverage existed, the losses allegedly sustained by plaintiff and for which any settlement payments may have been made do not constitute "damages" under the Federal Policy.

75.    Federal does not concede that the Federal Policy provides coverage for the LVMH assertions; however, assuming arguendo that coverage existed, the LVMH assertions are excluded from the coverages provided by the Federal Policy by the Intellectual Property Law Or Rights Exclusion and/or the Expected Or Intended Injury Exclusion.

76.    Federal is entitled to a declaration that the Federal Policy does not provide coverage for the LVMH assertions and that it is not and was not obligated to defend or indemnify plaintiff for the LVMH assertions.

## SECOND COUNTERCLAIM

77.    Federal issued its Commercial Excess and Umbrella Insurance policy, policy no. 7983-79-73, to Laurice El Badry Rahme Ltd DBA Laurice & Co. for the period June 6, 2006 to June 5, 2007 (the "Federal Excess Policy").

78.    Federal does not concede that the Federal Excess Policy provides coverage for the LVMH assertions; however, assuming arguendo that coverage existed, the losses allegedly sustained by plaintiff and for which any settlement payments may have been made do not constitute "damages" under the Federal Excess Policy.

79.    The Federal Excess Policy contains sections entitled Coverage A and Coverage B.

80.    The Federal Excess Policy provides in pertinent part:

**Investigation, Defense
And Settlements**

Subject to all of the terms and conditions of this insurance, we will have the right to defend the **insured**:

- under Excess Follow-Form Coverage A, against a **suit** in connection with **loss** to which such coverage applies, if the applicable **underlying limits** have been exhausted by payment of such judgments, settlements or related costs or expenses (if such costs or expenses reduce such limits); or

- under Umbrella Coverage B, against a **suit** to which such coverage applies, even if such suit is false, fraudulent or groundless.

We have no duty to defend any person or organization against any claim or **suit**:

- to which this insurance does not apply; or

- if any other insurer has a duty to defend.

When we have the duty to defend, we may, at our discretion investigate any occurrence or offense and settle any claim or **suit**. In all other cases, we may, at our discretion, participate in the investigation, defense and settlement of any occurrence, offense, claim or **suit**.

Our duty to defend any person or organization ends when we have

18

used up the applicable Limit Of
Insurance.

81. The Federal Excess Policy defines "suit" as follows:

*Suit*

**Suit** means a civil proceeding in
which damages, to which this
insurance applies, are sought. **Suit**
includes an arbitration or other
dispute resolution proceeding in
which such damages are sought
and to which the **insured** must
submit or does submit with our
consent.

82. The LVMH assertions are not a "suit."

83. Federal is not and was not obligated to defend or indemnify plaintiff for the
LVMH assertions under Coverage A or Coverage B of the Federal Excess Policy.

There Is No Coverage Under
Coverage A Of The Federal Excess Policy

84. Coverage A of the Federal Excess Policy provides excess coverage that
follows the form of the Federal Policy.

85. The Federal Excess Policy provides in pertinent part:

**INSURING AGREEMENTS**

**Coverage/Excess Follow-Form Coverage A**

Subject to all of the terms and conditions applicable to
Excess Follow-Form Coverage A, we will pay, on behalf of
the **insured,** that part of **loss** to which this coverage applies,
which exceeds the applicable **underlying limits**.

This coverage applies only if the triggering event that must happen during the policy period of the applicable **underlying insurance** happens during the policy period of this insurance.

This coverage will follow the terms and conditions of **underlying insurance** described in the Schedule of Underlying Insurance, unless a term or condition contained in this coverage:

- Differs from any term or condition contained in the applicable **underlying insurance**; or
- Is not contained in the applicable **underlying insurance**.

With respect to such exceptions described above, the terms and conditions contained in this coverage will apply, to the extent that such terms and conditions provide less coverage than the terms and conditions of the applicable **underlying insurance**.

This coverage does not apply to any part of loss within **underlying limits**, or any related costs or expenses.

We have no obligation under this insurance with respect to any claim or suit settled without our consent.

Other than as provided under the Investigation, Defense And Settlements and Supplementary Payments sections of this contract, we have no other obligation or liability to pay sums or perform acts or services under this coverage.

86.    The Federal Excess Policy defines "underlying insurance" as follows:

**UNDERLYING INSURANCE**

**Underlying Insurance** means the coverages for the hazards described in the Schedule Of Underlying Insurance and the new renewal or replacement insurance thereof.

20

87.    The Federal Policy is the "underlying insurance" referred to on the

Schedule Of Underlying Insurance of the Federal Excess Policy.

88.    Coverage A of the Federal Excess Policy contains the following exclusion:

**Exclusions/Excess Follow-Form Coverage A**

Underlying Insurance Exclusions

> Notwithstanding anything to the contrary set
> forth in any other provision of this contract, this
> insurance does not apply to any loss, cost or
> expense to which the terms and conditions of
> **underlying insurance** do not apply.

89.    Because the LVMH assertions are not covered by the Federal Policy, there

is no coverage for the LVMH assertions under Coverage A of the Federal Excess Policy.

90.    Federal does not concede that Coverage A of the Federal Excess Policy

provides coverage for the LVMH assertions; however, assuming arguendo that coverage

existed, the LVMH assertions are excluded from the coverages provided by Coverage A

of the Federal Excess Policy.

There Is No Coverage Under
Coverage B of the Federal Excess Policy

91.    The Federal Excess Policy provides in pertinent part:

**Coverages/Umbrella Coverage B**

Bodily Injury And Property Damage Liability Coverage

Subject to all of the terms and conditions applicable to
Umbrella Coverage B, we will pay on behalf of the **insured**,
**loss** by reason of liability:

- Imposed by law; or

- Assumed in an **insured contract**; for **bodily injury** or **property damage** caused by an occurrence to which this coverage applies.

This coverage does not apply to any part of:

A.    **loss** to which **underlying insurance** would apply, regardless of whether or not:

    1.    **underlying insurance** is available; and

    2.    the applicable **underlying limits** have been exhausted;

B.    **loss** to which **underlying limits** apply; or

C.    any costs or expenses related to **loss** as described in paragraphs A. or B. above.

We have no obligation under this insurance with respect to any claim or **suit** settled without our consent.

Other than as provided under the Investigation, Defense And Settlements and Supplementary Payments sections of this contract, we have no other obligation or liability to pass sums or perform acts or services under this coverage.

Advertising Injury And Personal Liability Coverage

Subject to all of the terms and conditions applicable to Umbrella Coverage B, we will pay, on behalf of the **insured**, **loss** because of liability:

- Imposed by law; or

- Assumed in an **insured contract;**

for **advertising injury** or **personal injury** to which this coverage applies.

This coverage applies only to such **advertising injury** or **personal injury** caused by an offense that is first committed during the policy period.
This coverage does not apply to any part of:

A. **loss** to which **underlying insurance** would apply, regardless of whether or not

  1. **underlying insurance** is available; and

  2. the applicable **underlying limits** have been exhausted;

B. **loss** to which **underlying limits** apply; or

C. any costs or expenses related to **loss** as described in paragraphs A. or B. above.

We have no obligation under this insurance with respect to any claim or **suit** settled without our consent.

Other than as provided under the Investigation, Defense And settlements and Supplementary Payments sections of this contract, we have no other obligation or liability to pay sums or perform acts or services under this coverage.

92. Coverage B of the Federal Excess Policy contains a provision defining the terms "advertisement"; "advertising injury"; "bodily injury"; "personal injury"; "property damage" and "intellectual property law or right" which terms are identical to the definitions contained in the Federal Policy.

93. Coverage B of the Federal Excess Policy contains exclusions for "Intellectual Property Laws Or Rights" and "Expected or Intended Injury" that are identical to the exclusions contained in the Federal Policy.

94. The LVMH assertions do not fall within the coverages provided by Coverage B of the Federal Excess Policy.

95. Federal does not concede that Coverage B of the Federal Excess Policy provides coverage for the LVMH assertions; however, assuming arguendo that coverage

existed, the LVMH assertions are excluded from the coverage provided by Coverage B of the Federal Excess Policy.

96.    Federal is entitled to a declaration that it is and was not obligated to defend or indemnify plaintiff for the LVMH assertions under Coverage A or Coverage B of the Federal Excess Policy.

WHEREFORE, Federal Insurance Company respectfully requests that the Court enter judgment:

i)    dismissing the Complaint in its entirety;

ii)    awarding Federal the relief demanded in its counterclaims;

iii)    declaring that Federal is not and was not obligated to defend or indemnify plaintiff for the assertions made by LVMH under the Federal Policy or the Federal Excess Policy;

iv)    for the costs of defending this action, including reasonable attorneys' fees; and

v)    for such other, further and different relief the Court deems just and proper.

Dated: New York, New York
          January 18, 2008

GOODMAN & JACOBS LLP
Attorneys for Defendant
Federal Insurance Company

By:    _____
          Judith F. Goodman (JG 7031)
          Thomas J. Cirone (TC 1510)

TO:    George Gottlieb, Esq.
          Gottlieb, Rackman & Reisman P.C.
          Attorneys for Plaintiff
          270 Madison Avenue, 8th Floor
          New York, New York 10016-0601

C:\JFG\Answer(Laurice 06-732)014.08
H:\\TC\LAURICE.ANSWER.008.08