

RECEIVED
USDC SDNY JUL 15 2008
DOCUMENT
CHAMBERS OF
ELECTRONICALLY FILED
ALVIN K. HELLERSTEIN
U.S.D.J.
DOC #:
DATE FILED: 7/16/08

**GOODMAN & JACOBS LLP**
75 BROAD STREET – 30TH FLOOR
NEW YORK, NEW YORK 10004
----------
(212) 385-1191
FAX: (212) 385-1770 (not for service)

July 15, 2008

*Handwritten notes by judge:* The court will conduct a law-suit conference on Aug. 1, 2008. Correspondence addressing R.2.E. should conform to Individual practice does not plan motion deliberations. Opinions should be compromised. Schedules should be compromised. 7-15-08 /s/ AK Hellerstein

<u>BY FACSIMILE</u>
Fax: (212) 805-7942

The Honorable Alvin K. Hellerstein
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    <u>Laurice el Badry Rahme Ltd. d/b/a Laurice Co.
v. Federal Insurance Company
Civ. 07 11030 (AKH) (RLE)</u>

Dear Judge Hellerstein:

    We represent defendant Federal Insurance Company ("Federal") in the above-referenced action. I obtained permission from Chambers to submit this request by facsimile. At the request of the parties, Your Honor referred this action for mediation to the Honorable Ronald L. Ellis. The mediation was held on June 27, 2008, and it did not result in a settlement.

    We write to request that the Court schedule a conference to address two issues that arose during the parties' Rule 26(f) conference. First, plaintiff's counsel informed me that plaintiff intends to make a motion for partial summary judgment before any discovery is conducted. We believe motion practice is premature and that all motions should be made upon a full record, upon completion of discovery. While Your Honor's Individual Rules do not require a pre-motion conference, we request the opportunity to address this issue with the Court. We believe that it would be a waste of the parties' time and of this Court's resources to engage in motion practice prior to the completion of discovery.

    Second, the parties cannot agree on a discovery schedule. We believe that the factual issues and anticipated party and non-party discovery necessitate a fact discovery cut-off of January 31, 2009, and an expert discovery cut-off of April 30, 2009. Counsel for plaintiff believes that all of the fact discovery can be completed by October 31, 2008 and expert discovery by January 31, 2009.

    This is an insurance bad faith and breach of contract action in which plaintiff contends Federal wrongly disclaimed coverage in an underlying trademark infringement dispute. Plaintiff seeks compensatory and punitive damages for the alleged bad faith.

    The underlying trademark dispute involved accusations by non-party LVMH Fashion Group ("LVMH") that plaintiff infringed upon its intellectual property rights based on plaintiff's sale of a perfume called "Bryant Park" that was sold in a bottle decorated with a design allegedly copied from the

**GOODMAN & JACOBS LLP**

The Honorable Alvin K. Hellerstein
July 15, 2008
Page 2

works of fashion designer Emilio Pucci. LVMH demanded that plaintiff cease and desist its use of the infringing bottle; surrender all samples; identify all buyers of the product; furnish all correspondence related to the product; and identify the total amounts earned from the sale of the product.

Federal disclaimed coverage for the claims. Plaintiff settled with LVMH before LVMH commenced a lawsuit.

Plaintiff's alleged compensatory damages include a $90,000 settlement payment it made to LVMH representing disgorgement of profits on the allegedly infringing sales; attorney's fees and costs; and $250,000 for its destruction of the allegedly infringing product. During the mediation we learned that plaintiff also claims damages, in an amount we do not know, based on its development costs to develop a non-infringing product.

We believe that the party discovery alone will require more than the 90 days plaintiff proposes. The underlying legal and factual issues are complex and require extensive document discovery and deposition testimony from plaintiff. Federal also anticipates taking discovery from non-party LVMH concerning its accusations. This discovery goes to the issue of the substance and strength of the underlying trademark claims and bears directly on whether Federal would have had to indemnify plaintiff had plaintiff not settled LVMH's claim. Federal also seeks discovery as to the timing and progression of settlement discussions.

We respectfully request that the Court schedule an in-person or telephone conference to address these issues.

Respectfully submitted,

Thomas J. Cirone (TC1510)

cc: Richard Schurin, Esq. (w/ enc.)
Gottlieb, Rackman & Reisman P.C.
270 Madison Avenue, 8th Floor
New York, New York 10016-0601
Fax: (212) 684-3999

TC: eg

H:\TC\LAURICE.HELLERSTEIN\195.08